(Pleito No. 26.—Fallado el 23 de Febrero de 1900.)

## Lanza contra Bolívar.

Recurso contra sentencia dictada por el Tribunal de Distrito de San Juan.

1.—Aclaraciones en una sentencia. Los Tribunales de Justicia tienen, con arreglo al artículo 362 de la Ley de Enjuiciamiento Civil, facultades para suplir omisiones ó aclarar conceptos oscuros contenidos en las sentencias por ellos dictadas.

2.—Sobre el mismo punto. Dichas aclaraciones ú omisiones pueden hacerse de oficio ó á instancia de parte presentada dentro del término que marca el mencionado artículo.

3.—Sobre el mismo punto. Un auto dictado con objeto de suplir las omisiones de referencia, no infringe en modo alguno los preceptos del artículo 358 de dicho cuerpo legal.

4.—Sobre el mismo punto. En el caso de que una sentencia subsanada contenga en uno de los considerandos un extremo que no esté contenido en la parte dispositiva, y cuyo extremo no aclara el punto discutido, dicha sentencia de acuerdo con el artículo 362, puede ser subsanada con respecto á aquella omisión, aún cuando dicha aclaración sea contraria al extremo del expresado considerando.

5.—Sobre el mismo punto.—Cuando en una sentencia aclarada se hace especial condenación de costas, el auto adicional aclaratorio no puede establecer una declaración contraria sobre el pago de dichas costas.

6.—Sobre el mismo punto. Un recurso establecido contra un auto adicional, mas no contra la sentencia, no concede jurisdicción al Tribunal Supremo para revocar dicha sentencia en ninguno de sus extremos.

### SENTENCIA.

En la Ciudad de San Juan de Puerto Rico, á veinte y tres de Febrero de mil novecientos, en el juicio ejecutivo seguido en el extinguido Juzgado de Catedral y en el Tribunal del Distrito de San Juan por la sociedad mercantil Bolívar, Arruza y Cª, domiciliada en esta Ciudad, contra Don Celestino Lanza, comerciante de Humacao, en cobro de pesos, pendiente ante este Tribunal á virtud de recurso de casación por infracción de ley, interpuesto por el ejecutado y sostenido en su defensa y representación por el Letrado Don Francisco de Paula Acuña, representando y defendiendo á la sociedad ejecutante el Abogado Don Hilario Cuevillas.—1º Resultando: Que despachada ejecución por el Juez de 1ª Instancia del Distrito de la Catedral de esta Ciudad

contra los bienes de Don Celestino Lanza á instancia de la sociedad Bolívar, Arruza y Cª, del comercio de esta plaza, por la suma de novecientos ochenta y nueve pesos veinte y ocho centavos, procedentes de una letra de cambio protestada, cien pesos más para intereses y doscientos para costas, hecho el embargo y citado de remate el deudor, se opuso éste á la ejecución pidiendo se declarara nulo el juicio ejecutivo por los vicios de que adolecía el endoso de la letra de cambio en que se fundaba la demanda, y por no ser exigible la deuda por el estado de suspensión de pagos en que se encontraba, con las costas á la sociedad ejecutante; y que conferido á ésta traslado del escrito de oposición, lo evacuó con la solicitud de que se desestimara la excepción alegada, mandándose seguir la ejecución adelante, hasta hacer trance y remate de los bienes embargados y con su producto hacer pago á la sociedad ejecutante de la cantidad reclamada, intereses y costas.—2º Resultando:  Que en cinco de Agosto de mil ochocientos noventa y ocho dictó sentencia el Juez de 1ª Instancia de la Catedral declarando nulo el juicio sin especial condenación de costas; y que apelada esta sentencia por Bolívar, Arruza y Cª y admitida y sustanciada la apelación, en veinte y nueve de Septiembre de mil ochocientos noventa y nueve, el Tribunal del Distrito de San Juan, fundado entre otras consideraciones en que el estado de suspensión de pagos en que se hallaba el comerciante Don Celestino Lanza, no era motivo que impidiera á sus acreedores instar ejecuciones contra él, siempre que esas ejecuciones se detuvieran al comenzar la vía de apremio, y que no era de estimarse temeridad por parte del deudor, dictó sentencia revocando la del inferior, y declarando en su lugar válidas las actuaciones del juicio ejecutivo seguido por Arruza, Bolívar y Cª contra Don Celestino Lanza, sin especial condenación de costas.—3º Resultando:  Que notificada esta sentencia á la sociedad ejecutante, presentó escrito al día siguiente hábil con la solicitud de que el Tribunal subsanara la omisión que contenía la sentencia mandando seguir adelante la ejecución

y expresando la cantidad que debía ser pagada al acreedor, con las costas al ejecutado, á cuya solicitud proveyó el Tribunal en cuatro de Octubre siguiente, aclarando la sentencia dictada por el mismo en veinte y nueve de Septiembre anterior en el sentido de que declarada por ella la validez de las actuaciones del juicio ejecutivo debía mandar y mandaba seguir la ejecución adelante hasta hacer trance y remate de los bienes embargados al deudor para hacer pago á Bolívar, Arruza y Cª de la cantidad reclamada de novecientos ochenta y nueve pesos veinte y ocho centavos, intereses devengados y que se devengasen hasta su completo pago, con las costas al ejecutado Don Celestino Lanza.—4º Resultando: Que contra este auto interpuso la representación del deudor recurso de casación por quebrantamiento de forma anunciando á la vez el de infracción de ley, y que sustanciado y desestimado el primero por este Tribunal, se mandaron entregar los autos al recurrente para formalizar el de infracción de ley anunciado, lo que verificó en escrito de diez de Enero último, alegando como fundamentos del recurso los números 1º y 4º del artículo 1,690 de la Ley de Enjuiciamiento Civil, y citando como infringidos: 1º El artículo 362 de la misma Ley en cuanto dispone que los Jueces y Tribunales no pueden variar ni modificar las sentencias después de firmadas, toda vez que la sentencia dictada en el presente juicio por el Tribunal del Distrito en veinte y nueve de Septiembre del año anterior había sido esencialmente modificada por la providencia de cuatro de Octubre siguiente en el concepto de aclaración de la misma; y 2º El artículo 358 de la misma Ley de trámites que determina que las sentencias sean claras, precisas y congruentes y de ningún modo contradictorias, no obstante lo que, aparecía una entera oposición entre la sentencia indicada y la llamada aclaración de la misma, en cuanto por la primera, según sus consideraciones debía suspenderse la ejecución cuando llegara al estado de venta de los bienes embargados, y en la segunda se determinaba en su parte dispositiva que debía seguir la

ejecución adelante haciéndose trance y remate de los bienes
del deudor hasta que se efectuara el pago; habiendo también
contradicción entre ambas por haberse declarado en la pri-
mera sin especial condenación las costas del juicio, imponién-
dose en la segunda todas las causadas al recurrente; consig-
nando, además, que el presente recurso de casación se refería
sólo á la sentencia adicionada, pero no á la de veinte y nue-
ve de Septiembre, que aceptaba en todas sus partes, y que
consideraba firme é inalterable por cuanto contra ella no
había establecido la parte demandante recurso alguno.—
5º Resultando: Que, conferido traslado del recurso inter-
puesto por Lanza á Bolívar, Arruza y Cª, lo evacuaron éstos,
dándose por instruídos suficientemente del expresado recurso,
y que señalado día para la vista y celebrada ésta, lo sostuvo
el Abogado defensor del recurrente, impugnándolo el de
Bolívar, Arruza y Cª—Vistos: Siendo Ponente el Juez Aso-
ciado interino Don Luis de Ealo y Domínguez.—1º Consi-
derando: Que si bien con arreglo al artículo 362 de la Ley
de Enjuiciamiento Civil, no pueden los Jueces y Tribunales
variar ni modificar sus sentencias después de firmadas, el
mismo artículo los autoriza para aclarar algún concepto
oscuro, ó suplir cualquier omisión que contengan sobre
punto discutido en el litigio, bien de oficio dentro del día
hábil siguiente al de la publicación de la sentencia, ó á ins-
tancia de parte, presentada dentro del día siguiente al de la
notificación, y por consiguiente que no conteniendo resolu-
ción alguna la sentencia de veinte y nueve de Septiembre
sobre si debía ó no continuar la ejecución adelante, hasta
hacer trance y remate de los bienes embargados, para pagar
al acreedor, y hasta qué cantidad, no obstante haber sido éste
uno de los puntos discutidos en el pleito, pudo el Tribunal
del Distrito de San Juan, sin quebrantar el expresado artículo,
antes al contrario, ajustándose estrictamente á sus pre-
ceptos, dictar la resolución que contiene el auto aclaratorio
de cuatro de Octubre siguiente, á solicitud de la parte ejecu-
tante, en cuanto por él se ordena seguir la ejecución ade-

lante, hasta hacer trance y remate de los bienes embargados al deudor Don Celestino Lanza, para hacer pago á Bolívar, Arruza y C.ª de la cantidad reclamada, de novecientos ochenta y nueve pesos veinte y ocho centavos, con los intereses devengados y que se devenguen hasta su completo pago.—2.º Considerando: Que en cuanto á este extremo del auto de cuatro de Octubre, tampoco ha infringido el Tribunal sentenciador el artículo 358 de la misma Ley de Enjuiciamiento Civil en el concepto que supone la parte recurrente, toda vez que si bien en uno de los considerandos de la sentencia de veinte y nueve de Septiembre se expresaba que el estado de suspensión de pagos del deudor no impedía que se establecieran ejecuciones contra él, siempre que se suspendieran al empezar la vía de apremio, en la parte dispositiva de dicha sentencia, no se hizo declaración alguna sobre este particular, dejándose así de proveer sobre uno de los puntos discutidos en el pleito, por lo que pudo el Tribunal sentenciador, á solicitud de la parte ejecutante, presentada en tiempo, subsanar aquella omisión, y dictar sobre el expresado extremo, la declaración procedente, atendidos los méritos del proceso, y los preceptos de los artículos 358 y 362 del citado cuerpo legal.—3.º Considerando: Que si bien en cuanto á ese extremo del auto adicional, de cuatro de Octubre, no se ha incurrido en contradicción con la sentencia de veinte y nueve de Septiembre, ni se han infringido los dos artículos expresados de la Ley procesal, no así en cuanto al otro extremo del auto recurrido, por el que se declararon todas las costas del juicio de cargo del ejecutado Don Celestino Lanza, puesto que conteniendo sobre este particular la sentencia de veinte y nueve de Septiembre una resolución expresa y terminante al declarar válidas las actuaciones del juicio ejecutivo, sin especial condenación de costas, no ha podido después el Tribunal sentenciador al aclarar ó adicionar dicha sentencia, establecer una declaración contraria sobre el pago de las costas, declarándolas todas de cargo del deudor, Don Celestino Lanza, sin infringir el artículo 362 de

la Ley de Enjuiciamiento Civil, que sólo lo autorizaba para aclarar ó adicionar la sentencia en los puntos oscuros, ó que no hubieran sido resueltos por la misma, pero no para establecer pronunciamientos contrarios á los que aquélla contenía, como lo ha verificado el Tribunal del Distrito de San Juan, con lo que se ha infringido, en cuanto á ese extremo, los artículos 358 y 362 de la expresada Ley procesal, é incurrido en los casos 1? y 4? del artículo 1,690 de la misma Ley, que se citan como fundamentos del recurso.—4? Considerando: Que establecido el recurso exclusivamente contra el auto adicional de cuatro de Octubre último, carece absolutamente de jurisdicción este Tribunal para resolver nada respecto á las declaraciones que contiene la sentencia de veinte y nueve de Septiembre anterior, entre ella la relativa al pago de las costas, que declara sin especial condenación; pues por más que aparezca esa declaratoria contraria á lo que por precepto general establece el artículo 1,472 de la misma Ley procesal para el caso de mandarse seguir adelante la ejecución, no habiéndose interpuesto por la parte ejecutante ningún recurso contra la expresada sentencia, ha quedado ésta firme y consentida en todas sus partes, y por consiguiente carece este Tribunal de competencia para revocarla en ninguno de sus extremos.—Fallamos: Que debemos declarar y declaramos no haber lugar al recurso de casación por infracción de ley interpuesto por Don Celestino Lanza contra el auto adicional de cuatro de Octubre último, en cuanto por él se aclara la sentencia dictada en veinte y nueve de Septiembre anterior, y se manda seguir la ejecución adelante hasta hacer trance y remate de los bienes embargados al deudor Don Celestino Lanza para hacer pago á Bolívar, Arruza y Cª de la cantidad reclamada de novecientos ochenta y nueve pesos veinte y ocho centavos con los intereses devengados y que se devenguen hasta su completo pago; y con lugar el recurso en cuanto por el expresado auto se condena al deudor al pago de todas las costas sobre cuyo extremo casamos y anulamos el expresado auto

adicional de cuatro de Octubre, sin espécial condenación de costas del presente recurso. Comuníquese esta resolución y la que á continuación se dicta, al Tribunal del Distrito de San Juan con devolución de los autos originales á los efectos procedentes.—Así por nuestra sentencia, que se publicará en la *Gaceta Oficial* lo pronunciamos, mandamos y firmamos.

José S. Quiñones.—José C. Hernández.—José Mª Figueras.—Juan Morera Martínez.—Luis de Ealo y Domínguez.

Publicación.—Leída y publicada fué la anterior sentencia por el señor Juez Asociado interino del Tribunal Supremo Don Luis de Ealo y Domínguez, Ponente en este recurso, celebrando audiencia pública dicho Tribunal en el día de hoy, de que como Secretario certifico, en Puerto Rico á veinte y tres de Febrero de mil novecientos.—E. de J. López Gaztambide. .